**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGEL COSME,**

               **Plaintiff,**

**-vs-**                                               **Case No. 6:06-cv-1901-Orl-22JGG**

**THE PALMS HOTEL & VILLAS, LLC,**
**and M&M ENTERPRISES, INC.,**

               **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST THE PALMS HOTEL & VILLAS, LLC (Doc. No. 16)** |
| **FILED:** | **February 26, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

On December 15, 2006, Plaintiff Angel Cosme filed a complaint, seeking to hold Defendants The Palms Hotel & Villas, LLC ["The Palms"] and M&M Enterprises, Inc. ["M&M"] liable for failing to pay him overtime wages and the minimum wage in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ["FLSA"]. Defendants have not answered or responded to the complaint, and have not otherwise appeared in this action. The Clerk has already entered default against M&M. Docket No. 14. Cosme now moves for entry of Clerk's default against The Palms.

**I.     THE LAW**

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: 1.) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or 2.) in the manner prescribed by Rule 4(e)(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Service, therefore, may also be made in accordance with Florida law.  Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081.  For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the "statutorily prescribed superior classes of persons who may be served."  *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So.2d 372, 373 (Fla. App. 4 Dist., 2001).

**II.     ANALYSIS**

In his motion for entry of Clerk's default, Cosme states that The Palms was served a copy of the summons and complaint on January 24, 2007, and directs the Court to the process server's Affidavit of Service (submitted as an exhibit to the motion).  Docket No. 16 at 1.  According to the Affidavit of Service, Cosme delivered the summons and complaint to the process server be served on The Palms Registered Agent, Mark Manring, at 3100 Parkway Boulevard, Kissimmee, Florida 34747. Docket No. 16-2.  The process server, however, delivered a copy of the summons and complaint to Monica Arbealez "as FRONT OFFICE EMPLOYEE AUTHORIZED TO ACCEPT SERVICE of [The Palms] in compliance with State Statutes."  *Id.* (block letters in original).  Under "Additional Information pertaining to [the] Service," the process server wrote: "FIRST ADDRESS GIVEN IS NO LONGER CURRENT.  THEY ARE NO LONGER LOCATED THERE.  SERVED AT 7900 MYSTIC DUNES LANE.  KISSIMMEE, FL 34747."  *Id.* (block letters in original).

Cosme has not shown proper service on The Palms.  He did not serve the Registered Agent, and failed to show that he served Monica Arbealez (a "front office employee") in the absence of the "statutorily prescribed superior classes of persons who may be served" under Fla. Stat. § 48.081.

Cosme's Motion for Entry of Clerk's Default [Docket No. 16] is therefore **DENIED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on March 5, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties